UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHANEL BATTLE, <br>     Plaintiff, <br><br> v. <br><br> OUTBACK STEAKHOUSE OF FLORIDA, <br> LLC, and OUTBACK STEAKHOUSE, <br> MERRILLVILLE, INDIANA, <br>     Defendants. | ) <br> ) <br> ) <br> )   CAUSE NO.: 2:19-CV-141-JTM-JPK <br> ) <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Defendants Outback Steakhouse of Florida, LLC and Outback Steakhouse, Merrillville, Indiana invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing a Notice of Removal to federal court. As the parties seeking federal jurisdiction, Defendants have the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiff Chanel Battle and Defendants must be citizens of different states, and the amount in controversy must be more than $75,000. Defendants have alleged a sufficient amount in controversy. Defendants have also sufficiently alleged the citizenship of Plaintiff, and noted that Defendant Outback Steakhouse, Merrillville,

Indiana is a legal non-entity. However, the allegations are insufficient as to the citizenship of Defendant Outback Steakhouse of Florida, LLC.

The Notice of Removal alleges that Defendant Outback Steakhouse of Florida, LLC is "a Florida Corporation with its principal place of business at 2202 North West Shore Blvd., Tampa, Florida 33607." (Notice of Removal ¶ 5, ECF No. 1). This allegation is insufficient for the purpose of determining citizenship.

This allegation regarding the citizenship of Defendant Outback Steakhouse of Florida, LLC is unclear as to whether it is "incorporated," and thus, a corporation, or whether it is "organized" as a limited liability company. This distinction is important because for purposes of establishing diversity jurisdiction, a limited liability company's citizenship is different than that of a corporation. Corporations "are deemed to be citizens of the state in which they are incorporated and the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (citing 28 U.S.C. § 1332(c)(1)). The Seventh Circuit Court of Appeals has further "held that 'when one corporation sues another and the only basis of federal jurisdiction is diversity, the [party asserting federal jurisdiction] must allege both the state of incorporation *and* the state of principal place of business for each corporation.'" *Wojan v. Gen. Motors Corp.*, 851 F.2d 969, 974-75 (7th Cir. 1988) (citing *Casio, Inc. v. S.M. & R. Co., Inc.*, 755 F.2d 528, 529-30 (7th Cir. 1985)); *see also Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 628 (7th Cir. 1998) ("in cases with corporate parties, it is necessary to allege both the state of incorporation and the state of the principal place of business, even if they are one and the same." (internal citation omitted)). If Defendant Outback Steakhouse of Florida, LLC is a corporation it must allege the state of its principal place of business and the state of its incorporation.

Conversely, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, if Defendant Outback Steakhouse of Florida, LLC is actually a limited liability company, the Court must be advised of the identity of each of its members and advised of each member's citizenship. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *see generally Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Given the importance of determining the Court's jurisdiction to hear this case, Defendants must first allege whether Defendant Outback Steakhouse of Florida, LLC is "incorporated," and thus, a corporation, or whether it is "organized" as a limited liability company or another form of business entity. Defendants must then sufficiently allege Defendant Outback Steakhouse of Florida, LLC's citizenship as outlined above. Therefore, the Court **ORDERS** Defendants to **FILE**, on or before **August 5, 2019**, a supplemental jurisdictional statement that properly alleges Defendant Outback Steakhouse of Florida, LLC's citizenship as stated above.

So ORDERED this 22nd day of July, 2019.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT